DAVID LOPEZ, ESQ. DL-6779
Attorney for Plaintiff
171 Edge of Woods Road,
P.O. Box 323
Southampton, New York 11969-0323
Tel: 631.287.5520
Fax: 631.283.4735
e-Mail: DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DEBORAH DONOGHUE,**

**Plaintiff,**

**- against -**

**CSX CORPORATION., THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD, CHRISTOPHER HOHN, 3G CAPITAL PARTNERS LTD, 3G CAPITAL PARTNERS, LP, 3G FUND LP, ALEXANDRE BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE,**

**Defendants.**

**FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. 78p(b)**

**Jury Trial Demanded**

**08 Civil 9252 (Cedarbaum, J.)**

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of CSX CORPORATION ("CSX"), a Virginia Corporation with principal offices at 500 Water Street, 15th Floor, Jacksonville, Florida 32202.

3. At all times relevant the common stock of CSX was registered under Section 12 of the Act and was and is traded on the New York Stock Exchange located within this district.

4. This action is brought in the right and for the benefit of CSX which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant beginning no later than February 13, 2007, THE CHILDRENS' INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD. and the other named defendants other than CSX formed a "group" as that term is used in the context of Section 13(d) of the Act, (the "Group") the purpose of the Group being to gain and exert influence or control over CSX, an assertion which the Group are collaterally estopped to deny by reason of the findings of fact in an opinion

after trial of the United States District Court for the Southern District of New York dated June 11, 2008, in CSX CORPORATION vs. THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, 08 Civil 2764 (LAK).

6. At all time relevant beginning no later than February 13, 2007, the Group beneficially owned, directly and through derivatives, more than 10% of the common stock outstanding of CSX.

7. THE CHILDRENS' MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) llp, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., and CHRISTOPHER HON have offices or are found at 7 Clifford Street, London W1S 2WE.

8. 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, LP, 3G FUND LP, ALEXANDER BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE have offices or are found c/o 3G Capital Inc., 800 Third Avenue, 31st Floor, New York, New York 10022.

**STATUTORY REQUISITES:**

9. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

10. Demand for prosecution was made on CSX on July 10, 2008. More than 60 days have passed from the date of demand with CSX not having

effected a recovery. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

11. Some or all of the transactions to be described herein were effected in whole or in part on the floor of the New York Stock Exchange within the Southern District of New York.

12. All non-nominal defendants have performed acts in furtherance of their attempts to gain influence or control over CSX and in furtherance of the activities of the Group within the Southern District of New York.

13. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

14. THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD and CHRISTOPHER HOHN, or some of them, sold 2,000,000 shares, more or less, of the common stock of CSX between August 23, 2007, and August 31, 2007, and, *inter alia*, such additional shares as are shown on Exhibit A hereto.

15. THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) LLP, THE

CHILDRENS' INESTMENT FUND (CAYMAN) LTD and CHRISTOPHER HOHN, or some of them, purchased larger numbers of shares and derivatives equivalent to shares of the common stock of CSX within six months of such sales and at lower prices including, *inter alia,* such additional shares as are shown on Exhibit A hereto.

16.   The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD and CHRISTOPHER HOHN, or some of them, to the extent of their pecuniary interests. The amounts of such profits are not known to plaintiff by reason of the failure of any of the foregoing to comply with the reporting requirements of Section 16(a) of the Act, 15 U.S.C. 78p(a) and Section 13(d) of the Act, 15 U.S.C. 78m(d).

**SECOND CLAIM FOR RELIEF**

17.   THE CHILDREN'S INVESTMENT MASTER FUND, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD. and CHRISTOPHER HOHN, or some of them, within periods of less than six months following February 13, 2007, and preceding October 30, 2007, purchased large numbers of "Total Return Equity Swaps" ("TRS), a form of derivative security, with CSX common stock as the underlying security. Such TRS purchases were effected with Credit Suisse, Goldman Sachs, J.P. Morgan, Merrill Lynch, Morgan Stanley, UBS and Deutsche Bank.

18. On or about October 30, 2007, THE CHILDREN'S INVESTMENT MASTER FUND, THE CHILDREN'S INVESTMENT MANAGEMENT (CAYMAN) LTD. and CHRISTOPHER HOHN, or some of them, began closing out their TRS positions with all counterparties except Deutsche Bank. Each such TRS close-out was equivalent to the sale of the underlying reference shares of CSX and may be matched against purchases of such shares or of derivatives on such shares within periods of less than six months.

19. On or about October 30, 2007, THE CHILDREN'S INVESTMENT MASTER FUND, THE CHILDREN'S INVESTMENT MANAGEMENT (CAYMAN) LTD. and CHRISTOPHER HOHN, or some of them, began purchasing replacement TRS's from Deutsche Bank and/or Citigroup in amounts roughly equal to or exceeding the TRS positions being closed out with the previous counterparties. Each such purchase of a new TRS position was equivalent to the purchase of underlying shares and may be matched against purchases of such shares or of derivatives on such shares within periods of less than six months.

20. Plaintiff is unable to recite with specificity the quantities, dates and prices of purchases and sales of TRS's and of the underlying shares by reason of the failure of THE CHILDREN'S INVESTMENT MASTER FUND, THE CHILDREN'S INVESTMENT MANAGEMENT (CAYMAN) LTD. and CHRISTOPHER HOHN, or some of them, to comply with the reporting requirements of Section 16(a) of the Act, 15 U.S.C. 78p(a) and Section 13(d) of the Act, 15 U.S.C. 78m(d) with respect to their dealings in TRS's. Such detail will need to be developed through discovery.

21. Such profits are recoverable on behalf of CSX by Plaintiff as a shareholder of CSX, the latter having failed or refused to act in its own right and for its own benefit.

**THIRD CLAIM FOR RELIEF:**

22. 3G FUND LP, 3G CAPITAL PARTNERS LP, ALEXANDRE BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE, or some of them, sold 8,300,000 shares, more or less, of the common stock of CSX between August 24, 2007, and September 14, 2007, and, *inter alia*, such additional shares as are shown at Exhibit B hereto.

23. 3G FUND LP, 3G CAPITAL PARTNERS L.P., ALEXANDRE BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE, or some of them, purchased larger numbers of shares and derivatives equivalent to shares of the common stock of CSX within six months of such sales and at lower prices and, *inter alia*, such additional shares as are shown at Exhibit B hereto. Included in the purchases were purchases of TRS's from Morgan Stanley referencing 1,700,000 underlying shares of CSX common stock which were equivalent to purchases of an equal number of such shares.

24. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to yield profits recoverable from the foregoing to the extent of their pecuniary interests. The amounts of such profits are not known to plaintiff by reason of the failure of any of the foregoing to comply

fully with the reporting requirements of Section 16(a) of the Act, 15 U.S.C. 78p(a) and Section 13(d) of the Act, 15 U.S.C. 78m(d) .

25. Such profits are recoverable on behalf of CSX by Plaintiff as a shareholder of CSX, the latter having failed or refused to act in its own right and for its own benefit.

**FOURTH CLAIM FOR RELIEF:**

26. This Third Claim For Relief is a precaution against possible errors of detail attributable to non-compliance by the defendants, other than CSX, with the reporting requirements Section 16(a) of the Act, 15 U.S.C. 78p(a) and Section 13(d) of the Act, 15 U.S.C. 78(m)(d), inaccuracies in the public record or the discovery of additional trades during the course of this action.

27. THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD, CHRISTOPHER HOHN, 3G FUND LP, 3G CAPITAL PARTNERS LP, 3G CAPITAL PARTNERS LTD, ALEXNDRE BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, each purchased and sold or sold and purchased equity securities or equity security equivalents of CSX within periods of less than six months of each other while more-than-10% beneficial owners of CSX.

28. By reason of such purchases and sales or sales and purchases of CSX equity securities or equity security equivalents within periods of less than six months of one another while insiders of CSX, each of the foregoing realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of CSX.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring THE CHILDRENS' INVESTMENT MASTER FUND, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDRENS' INVESTMENT FUND MANAGEMENT (CAYMAN) LTD, CHRISTOPHER HOHN, 3G FUND LP, 3G CAPITAL PARTNERS, LP, 3G CAPITAL PARTNERS LTD, ALEANDRE BEHRING, GILBERT H. LAMPERE and TIMOTHY T. O'TOOLE and each of them to account for and to pay over to CSX the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

   c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
November 17, 2008

Yours, etc.

David Lopez, Esq.

# EXHIBIT A

## Transactions By The Children's Investment Master Fund In Shares Of CSX (Not Exhaustive)

| Trade Date | Amount Purchased (Sold) | Price per Share ($) |
|---|---|---|
| 4/3/07 | 900,000 | 41.09 |
| 4/4/07 | 1,361,000 | 40.94 |
| 4/5/07 | 600,000 | 40.43 |
| 4/5/07 | 666,198 | 40.51 |
| 4/9/07 | 564,100 | 42.00 |
| 4/10/07 | 500,000 | 41.79 |
| 4/11/07 | 2,430,200 | 41.73 |
| 4/13/07 | 773,600 | 42.43 |
| 4/13/07 | 1,500,000 | 42.43 |
| 4/16/07 | 559,100 | 43.11 |
| 4/16/07 | 250,000 | 42.73 |
| 4/16/07 | 1,000,000 | 42.90 |
| 4/17/07 | 900,000 | 43.16 |
| 4/17/07 | 750,000 | 43.15 |
| 4/18/07 | 4,800,000 | 45.00 |
| 5/14/07 | 242,800 | 45.15 |
| 11/30/07 | (10,000) | 41.09 |
| 11/30/07 | 10,000 | 41.09 |

# EXHIBIT B

## Transactions By 3G Fund L.P. In Shares Of CSX
## (Not Exhaustive)

| Trade Date | Amount Purchased (Sold) | Price per Share ($) |
|---|---|---|
| 2/09/07 | 1,700,000 | 36.87 |
| 2/12/07 | 2,029,833 | 37.60 |
| 2/13/07 | 2,350,000 | 39.11 |
| 2/13/07 | 100,000 | 39.33 |
| 2/14/07 | 642,800 | 40.22 |
| 2/14/07 | 970,900 | 41.48 |
| 2/15/07 | 485,860 | 41.23 |
| 2/16/07 | 40 | 37.98 |
| 2/20/07 | (17,300) | 40.33 |
| 2/22/07 | (40) | 41.26 |
| 3/29/07 | 600,000 | 39.81 |
| 3/29/07 | 114 | 39.94 |
| 3/30/07 | 550,000 | 40.30 |
| 4/02/07 | 1,528,700 | 38.85 |
| 4/02/07 | 1,880,986 | 39.69 |
| 4/02/07 | 1,091,879 | 40.21 |
| 4/02/07 | 954,822 | 40.25 |
| 4/04/07 | 150,550 | 40.99 |
| 4/04/07 | 672,000 | 41.12 |
| 4/05/07 | 360,000 | 40.90 |
| 4/05/07 | 250,000 | 41.03 |
| 4/06/07 | 757,100 | 40.15 |
| 4/09/07 | 120,000 | 42.03 |
| 4/09/07 | 493,000 | 41.97 |
| 4/10/07 | 300,000 | 41.93 |
| 4/10/07 | 500,000 | 41.88 |
| 4/11/07 | 835,000 | 41.78 |
| 4/12/07 | 80,950 | 41.82 |
| 4/13/07 | 14,200 | 42.01 |
| 4/17/07 | 6,500 | 41.80 |
| 8/15/07 | 492,809 | 42.17 |
| 8/24/07 | (165,800) | 43.07 |
| 8/24/07 | (47,300) | 43.07 |
| 8/27/07 | (520,835) | 43.07 |
| 8/27/07 | (148,810) | 43.07 |
| 8/28/07 | (82,500) | 41.68 |
| 8/28/07 | (1,017,870) | 41.68 |
| 8/29/07 | (1,180,809) | 41.26 |
| 8/29/07 | (95,741) | 41.26 |
| 8/30/07 | (1,163,662) | 40.73 |
| 8/30/07 | (94,400) | 40.73 |
| 8/30/07 | (21,106) | 40.73 |
| 9/11/07 | (795,289) | 38.99 |
| 9/11/07 | (140,345) | 38.99 |
| 9/12/07 | (110,600) | 38.99 |
| 9/12/07 | (626,783) | 38.99 |
| 9/13/07 | (1,080,327) | 39.19 |
| 9/13/07 | (190,600) | 39.19 |
| 9/14/07 | (33,000) | 38.60 |
| 9/14/07 | 11,700 | 38.49 |
| 9/14/07 | (186,650) | 38.60 |
| 9/14/07 | 66,306 | 38.49 |

# EXHIBIT B

## Transactions By 3G Fund L.P. In Shares Of CSX
(Not Exhaustive)

| | | |
|---|---|---|
| 9/14/07 | (587,150) | 38.37 |
| 9/14/07 | (103,600) | 38.37 |
| 9/26/07 | 449,122 | 41.40 |
| 9/26/07 | 168,200 | 41.38 |
| 9/26/07 | 82,400 | 41.40 |
| 9/26/07 | 30,800 | 41.38 |
| 9/27/07 | 120,000 | 42.21 |
| 9/27/07 | 42,000 | 42.35 |
| 9/27/07 | 889,300 | 42.21 |
| 9/27/07 | 308,000 | 42.35 |
| 9/27/07 | 7,700 | 42.28 |
| 9/28/07 | 271,200 | 42.82 |
| 9/28/07 | 133,000 | 42.93 |
| 9/28/07 | 3,156 | 42.82 |
| 9/28/07 | 44,844 | 42.82 |
| 9/28/07 | 1,512 | 42.93 |
| 9/28/07 | 21,488 | 42.93 |
| 10/01/07 | 233,200 | 43.23 |
| 10/01/07 | 41,000 | 43.23 |
| 10/02/07 | 12,500 | 42.98 |
| 10/02/07 | 31,900 | 42.98 |
| 10/02/07 | 2,200 | 42.98 |
| 10/02/07 | 5,600 | 42.98 |
| 10/03/07 | 150,000 | 41.91 |
| 10/03/07 | 850,000 | 41.91 |
| 10/04/07 | 225,900 | 41.94 |
| 10/04/07 | 30,461 | 41.94 |
| 10/04/07 | 9,539 | 41.94 |
| 10/05/07 | 16,500 | 43.30 |
| 10/05/07 | 93,500 | 43.30 |
| 10/11/07 | 359,000 | 42.08 |
| 10/11/07 | 63,200 | 42.08 |
| 10/12/07 | 235,500 | 42.51 |
| 10/12/07 | 41,600 | 42.51 |
| 10/15/07 | 37,700 | 42.55 |
| 10/15/07 | 214,000 | 42.55 |
| 11/01/07 | 358,100 | 43.84 |
| 11/01/07 | 63,200 | 43.84 |