UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

DEBORAH DONOGHUE,

                Plaintiff,

     - against -

CSX CORPORATION, et al.

                Defendants,

-------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/09

Civil Action No.
08 Civil 9252 (MGC)

## ORDER AND FINAL JUDGMENT

On March 5th, 2009, a hearing was held before this Court to determine (1) whether the terms and conditions of the Stipulation of Settlement, dated December 16, 2008, (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by Deborah Donoghue (the "Plaintiff"), derivatively on behalf of CSX Corporation ("CSX"), in the action now pending in this Court under the above caption, including the release of the defendants The Children's Investment Master Fund, The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) Ltd., Christopher Hohn, Timothy T. O'Toole, 3G Capital Partners Ltd., 3G Capital Partners LP, 3G Fund LP, Alexandre Behring, and Gilbert Lamphere (collectively, the "Defendants") and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint with prejudice; (3) whether and what to award the Plaintiff's counsel as a reasonable attorney's fee and

reimbursement of costs and expenses. All capitalized terms shall have the meaning set forth in the Stipulation of Settlement.

This action (the "Action") was brought by Plaintiff on behalf of CSX to recover alleged "short-swing profits" under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). The Court, having considered all matters submitted to it at the hearing and otherwise during the course of proceedings in this Action; after reviewing the record herein, the Stipulation and other papers submitted to the Court; it appearing to the Court that CSX 1) mailed a Notice of Hearing substantially in the form approved by the Court to all persons or entities (the "CSX Shareholders") who filed a current Form 13F, Schedule 13G or Schedule 13D with the Securities and Exchange Commission (the "SEC"), 2) filed Forms 8-K with the SEC on December 17, 2008, and January 9, 2009, attaching the Notice and 3) placed a Notice of Settlement on its website and issued press releases on December 17, 2008, and January 9, 2009, describing the settlement; and, having concluded that the settlement should be approved:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of this action, over the Plaintiff, over CSX and over the Defendants.

2.      Notice of the pendency of this Action and the proposed settlement hereof was given as set forth above. The method of notifying the CSX shareholders and holders of any securities (as defined in Section 3(a)(10) of the Exchange Act) of CSX or of any other security or instrument, the value of which is derived from any CSX equity security, of the pendency of this Action and of the settlement and of the terms and conditions meet the requirements of Fed. R. Civ. P. 23.1, Local Civil Rule 23.1 and due process, and

constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities thereto.

3.     The Stipulation of Settlement (a copy of which is annexed hereto as Exhibit A) is hereby approved as fair, reasonable and adequate and in the best interests of CSX and its shareholders.  The parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation.

4.     This Order and Final Judgment shall not constitute evidence or an admission by the Defendants or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference that there is or was liability of any person therefor.  The Defendants do not admit, either expressly or implicitly, that they or any one of them is subject to any liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation of Settlement, or that there is any merit to any of the claims for damages sought therein. The Defendants, on the contrary, expressly deny and dispute the existence of any such liability or damages.

5.     The Amended Complaint, each claim for relief therein against the Defendants and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against the Defendants and their Related Parties, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided in the award of an attorney's fee, costs and disbursements provided for herein; and the Defendants and their Related Parties are hereby discharged and released, except as noted in the final sentence hereof, from any and all liability and

damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by CSX and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of CSX or of any other security or instrument, the value of which is derived from the value of any CSX equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in CSX securities, equity swaps and/or other securities or instruments the value of which is derived from the value of any CSX equity security, from the beginning of time up through the date that this Settlement becomes Final under paragraph 3 of the Stipulation of Settlement. Plaintiff and her counsel in this Action are enjoined from bringing any claims under Section 16(b) against the Defendants and their Related Parties for trading in CSX securities, including, without limitation, equity swaps or any other derivative security or instrument tied to the value of any CSX equity security arising from or relating to transactions in such securities, up through the date that this Settlement becomes Final under paragraph 3 of the Stipulation, regardless of the theory of liability. Nothing herein extends to or releases CSX's claims and the Defendants' defenses in the 13D Action.

      6.     This Order and Final Judgment is not intended to in any way affect the subject matter of pending litigation between CSX and the Defendants, captioned *CSX*

*Corporation vs. The Children's Investment Fund Management (UK) LLP*, 08 Civil 2764

(LAK), now on appeal before the United States Court of Appeals for the Second Circuit.

      7.      The Plaintiff, CSX and all owners of any security (as defined in Section

3(a)(10) of the Exchange Act) of CSX or of any other security or instrument, the value of

which is derived from the value of any CSX equity security or any of them, either

individually, directly, derivatively, representatively or in any other capacity, except as

noted in the final clause hereof, are permanently barred and enjoined from instituting or

prosecuting this or any other action, in this or any other court or tribunal of this or any

other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands,

transactions and issues, known or unknown, arising out of or relating to the assertions

contained in the Amended Complaint in this Action or that could have been asserted in

this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by CSX

and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the

Exchange Act) of CSX or of any other security or instrument, the value of which is

derived from the value of any CSX equity security, or any of them, whether individually,

directly, representatively, derivatively or in any other capacity, for all claims arising out

of or relating to any violation of Section 16(b) of the Exchange Act and the rules and

regulations promulgated under Section 16 relating to trading in CSX securities, equity

swaps and/or other securities or instruments the value of which is derived from the value

of any CSX equity security, from the beginning of time up through the date that the

Settlement becomes Final under paragraph 3 of the Stipulation, except for the claims and

defenses asserted in the 13D Action.

8.     Plaintiff's counsel is hereby awarded an attorney's fee (inclusive of reimbursement of costs and disbursements) in the sum of $ 550,000 , which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiff's counsel by the Defendants and deducted from the Settlement Payment to CSX after this Order has become final as set forth in the Stipulation at Paragraph 4(a).

9.     Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation of Settlement.

10.     The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated: New York, New York
       March 5 , 2009


SO ORDERED:

_____ _____
     Miriam Goldman Cedarbaum, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
DEBORAH DONOGHUE,                                    :       Civil Action No.
                                                :       08 Civil 9252 (MGC)

          Plaintiff,                   :

                                                :       **STIPULATION OF**

    - against -                      :       **SETTLEMENT**

                                                :

CSX CORPORATION, et al.                 :

                                              :

          Defendants,               :
------------------------------------------------------------------ x

WHEREAS, plaintiff, Deborah Donoghue ("Plaintiff"), a shareholder of CSX Corporation ("CSX"), brought this action (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by defendants The Children's Investment Master Fund ("TCI"), The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) Ltd., Christopher Hohn, Timothy O'Toole, 3G Fund LP ("3G"), 3G Capital Partners Ltd., 3G Capital Partners LP, Alexandre Behring and Gilbert H. Lamphere or some of them (collectively, the "Settling Defendants") in connection with their putative purchases and sales of CSX securities;

WHEREAS, the Settling Defendants deny any wrongdoing whatsoever and this Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim, or any fault or liability or wrongdoing or damages whatsoever, or any deficiency in the defenses that the Settling Defendants have or may assert. The Plaintiff, CSX and the Settling Defendants (collectively, the "Parties") recognize,

however, that the Action has been filed by Plaintiff and defended by the Settling Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being voluntarily settled after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, CSX and the Settling Defendants are parties to an action entitled CSX Corporation v. The Children's Investment Fund Management (UK) LLP, 08 Civil 2764 (LAK) (the "13D Action") in which the court issued a 115-page Opinion and Final Judgment (the "Opinion") after trial; the Opinion is currently on appeal to the United States Court of Appeals for the Second Circuit;

WHEREAS, Plaintiff's theory of liability in this Action is based on the June 11, 2008 Opinion in the 13D Action, wherein the court found that: (i) TCI's transactions in total return cash-settled equity swaps (the "equity swaps") resulted in it being deemed to be the beneficial owner, within the meaning of Rule 13d-3(b) of the Exchange Act, of CSX common stock held by its swap counterparties as hedges to the swaps; and (ii) TCI and 3G purchased and sold CSX common stock and/or equity swaps and were members of a group under Section 13(d)(3) of the Exchange Act along with other Settling Defendants;

WHEREAS, Plaintiff asserts that by reason of such beneficial ownership TCI may be deemed to beneficially own over 10 percent of CSX's common stock;

WHEREAS, Plaintiff asserts that 3G, by virtue of its membership in a group, may be deemed to beneficially own over 10 percent of CSX's common stock;

WHEREAS, the Settling Defendants vigorously contest the findings in the 13D Action and have appealed the Opinion;

WHEREAS, Timothy O'Toole and Gilbert Lamphere had no involvement in any of the trading activity alleged to give rise to Section 16(b) liability and were incorrectly named as defendants in this Action;

WHEREAS, the United States Court of Appeals for the Second Circuit heard argument in the 13D Action on August 25, 2008; the Parties recognize that, if the Second Circuit reverses the findings in the 13D Action that the Settling Defendants beneficially owned CSX's common stock through their transactions in equity swaps, there will be no basis for liability in this Action. The Parties further recognize that CSX's theory of beneficial ownership in the 13D Action is novel, that a number of *amici* have submitted briefs in support and opposition to CSX's position, and that the Securities and Exchange Commission (the "SEC"), Division of Corporation Finance (the "Division"), sent a letter to the trial court stating that "[t]he Division believes that interpreting an investor's beneficial ownership under Rule 13d-3 to include shares used in a counter-party's hedge, absent unusual circumstances, would be novel and would create significant uncertainties for investors who have used equity swaps in accordance with accepted market practices understood to be based on reasonably well-settled law";

WHEREAS, given the risks and uncertainties of the outcome of the appeal in the 13D Action, CSX and Plaintiff have concluded that it is in the interest of CSX to settle this Action on the terms set forth herein (the "Settlement");

WHEREAS, CSX obtained significant discovery from the defendants in the 13D Action, including records reflecting all of the Settling Defendants' transactions in CSX

equity securities and equity swaps related to CSX stock; thereafter, CSX engaged an expert consultant to prepare an analysis of potential damages under Section 16(b) arising from the Settling Defendants' transactions in equity swaps and common stock, which reflects that the maximum recoverable damages under the Rules which govern the calculation of recoverable profits under Section 16(b) of the Exchange Act, may be as much as $128,000,000 for TCI and $9.6 million for 3G; and in connection with the Parties' settlement negotiations, CSX has shared its discovery and analysis with Plaintiff's counsel in this Action;

WHEREAS, the Settling Defendants believe that, even if the Second Circuit affirms the Opinion, they have several meritorious defenses to Plaintiff's Section 16(b) claims and that the potential liability for the Section 16(b) claims is substantially lower than the $137.6 million calculated by Plaintiff and CSX;

WHEREAS, the Parties engaged in settlement negotiations among themselves which culminated in an agreement whereby TCI will pay CSX the sum of $10,000,000 and 3G will pay CSX the sum of $1,000,000;

WHEREAS, CSX and its disinterested directors (i.e., directors who have no financial interest in this litigation and are not affiliated with or nominated by the Settling Defendants), who are represented by their own independent counsel, realize that a settlement of this litigation on the terms described herein is in the best interests of CSX and its shareholders; and

WHEREAS, in evaluating the proposed settlement provided for herein, Plaintiff and her counsel have considered: the substantial benefit being provided by the proposed Settlement; the uncertainties of the outcome of this Action, which Plaintiff recognizes

turns on the outcome of the appeal in the 13D Action and TCI's separate defenses to

Section 16(b) liability in this Action; CSX's theory of liability in the 13D Action is hotly

contested and there is no precedent directly on point; and that resolution of the claims in

this Action, wherever and however determined, likely would be submitted for appellate

review, there would be yet additional time until there would be a final adjudication of the

claims and defenses asserted, and additional legal fees, which could reduce the amount of

any ultimate recovery (whether on a litigated judgment, if Plaintiff were to prevail, or by

settlement).

IT IS HEREBY STIPULATED AND AGREED, for good and valuable

consideration, the sufficiency of which is hereby acknowledged, as follows:

1.      As soon as practicable after this Stipulation has been executed, the Parties

jointly shall move the Court for preliminary approval of this Settlement and the form of

notice to shareholders, and for entry of a Preliminary Order, substantially in the form

attached hereto as Exhibit A.

2.      Following entry of the Preliminary Order, (a) CSX shall file a Form 8-K

with the SEC, issue a press release, place a notice of settlement on its website, and send

notice of the proposed Stipulation substantially in the form attached hereto as Exhibit B

(the "Notice") by U.S. First Class Mail, to its shareholders who filed current Schedules

13D or 13G, or Form 13F, with the SEC, and (b) CSX and the Settling Defendants (other

than Timothy O'Toole and Gilbert Lamphere) shall send a joint request to the Second

Circuit Court of Appeals advising it of the settlement of this Action and requesting that it

defer further ruling on the appeal of the 13D Action until the Settling Defendants have

sent notice that this Action has become Final or, in the event that it does not become Final, that litigation of this Action has resumed.

3.      If the Settlement contemplated by this Stipulation is approved by the Court after Notice and a hearing on the fairness of the Settlement, counsel for the Parties shall request that the Court enter an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit C.  The Order and Final Judgment shall become final ("Final") following entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

4.      (a)      On or before the tenth business day after the Order approving the Settlement becomes Final (i) TCI shall wire transfer to CSX the amount of ten million dollars ($10,000,000) less the amount of attorney's fees and reimbursement of expenses, if any, awarded by the Court to Plaintiff's counsel, which amount shall be paid directly to Plaintiff's counsel and (ii) 3G shall wire transfer to CSX the amount of one million dollars ($1,000,000) (the "Settlement Payments").  The total Settlement Payments, including any award of attorney's fee and reimbursement of expenses, shall not exceed $11,000,000.

(b)      Entry and Finality of the Order and Final Judgment is a condition precedent to TCI's and 3G's obligation to make the Settlement Payment.

(c)      In the event the Court does not enter the Order approving the Settlement, or such Order does not become Final, this Stipulation shall be null and void except as to paragraphs 4(c), 6 and 13(a), and the Parties shall be returned to their

positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

5.      In consideration of the Settlement Payment, CSX and Plaintiff on behalf of herself and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of CSX or any other security or instrument, the value of which is derived from the value of any CSX equity security, each release and discharge the Settling Defendants, their present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns (the "Related Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by CSX and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of CSX or any other security or instrument the value of which is derived from the value of any CSX equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in CSX securities, equity swaps and/or other securities or instruments the value of which is derived from the value of any CSX equity

security, from the beginning of time up through the date that this Settlement becomes Final under paragraph 3.   This release does not extend to CSX's claims and the defendants' defenses in the 13D Action.  Plaintiff's counsel, David Lopez, covenants not to bring any additional claims against the Settling Defendants and their Related Parties for trading in CSX securities, including, without limitation equity swaps or any other derivative security or instrument tied to the value of any CSX equity security arising from or relating to transactions in such securities or instruments up through the date that this Settlement becomes Final under paragraph 3, regardless of the theory of liability.

6.      This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes Final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of the Settling Defendants' liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.  This covenant expressly applies to but is not limited to the 13D Action: CSX and the Settling Defendants agree that neither this Stipulation, nor the proceedings or orders in this Action, shall be offered into evidence in the 13D Action or any other action or proceeding, nor may they cite to this Settlement as grounds for arguing the strength or infirmity of their claims or defenses in the 13D Action.

7.      Plaintiff's counsel will apply to the Court, on notice to counsel for the Settling Defendants and CSX and to the shareholders of CSX, for attorney's fees and

expenses in an amount of five hundred fifty thousand dollars ($550,000.00), which application CSX has agreed to support. Such attorney's fees and expenses as may be awarded by the Court are to be paid by TCI after the Order becomes Final in accordance with paragraph 4(a) and shall reduce the amount of the Settlement Payment to CSX as provided therein, so that, as described in paragraph 4(a), the total payment by TCI will equal $10 million and the total payment by 3G will equal $1 million. The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

8.      This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and neither party is relying upon any representation, promise or assertion not contained herein.

9.      This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement *provided* that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

10.      The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation and to compromise and settle all their claims and their defenses relating to the Action.

11.      This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

12.      The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

13.     The Parties submit to the jurisdiction of this Court (a) for all purposes
relating to this Action; and (b) for resolving any disputes over this Stipulation and its
enforcement.


Dated: New York, New York
        December 16, 2008

_____
        David Lopez (DL-6779)
LAW OFFICE OF DAVID LOPEZ
171 Edge of Woods Road, P.O. 323
Southampton, New York 11968
631.287.5520

Attorney for Plaintiff

_____
        Michael Swartz (MS-7069)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
212.756.2000

Attorneys For The Children's
Investment Master Fund, The
Children's Investment Fund
Management (UK) LLP, The
Children's Investment Fund
Management (Cayman) Ltd.,
Christopher Hohn and Timothy
O'Toole


_____
        Miranda Schiller (MS-9456)
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
212.310.8000

Attorneys for CSX Disinterested Directors

David Marriott /by permiss
MS
_____
        David Marriott (DM-7708)
CRAVATH, SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Attorneys for CSX Corporation

11

Peter Doyle (PD-1735)
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611

Attorneys for 3G Fund LP, 3G
Capital Partners Ltd., 3G Capital
Partners LP, Alexandre Behring, and
Gilbert H. Lamphere